**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| GRACE CHO, | ) | Case No. CV 19-10416 FMO (RAOx) |
| Plaintiff, | ) | |
| v. | ) | **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |
| MARIA MONROY, et al., | ) | |
| Defendants. | ) | |

On November 2, 2020, the court issued an order denying plaintiff's motion for default judgment without prejudice, (see Dkt. 20, Court's Order of November 2, 2020), which ordered plaintiff to file a renewed motion for default judgment no later than November 13, 2020. (See id. at 4). The court admonished plaintiff that "failure to file a renewed motion for default judgment by [November 13, 2020] shall result in . . . the action against defendants being dismissed for failure to prosecute and/or to comply with a court order." (Id. at 4) (citing Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962)). As of the date of this order, plaintiff has not filed a renewed motion for default judgment. (See, generally, Dkt.).

A district court may dismiss an action for failure to prosecute or to comply with court orders. Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388 (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court

calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any court order).  Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy.  Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir.1986).  These factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61; see Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 891 (9th Cir. 2019) ("By its plain text, a Rule 41(b) dismissal . . . requires 'a court order' with which an offending plaintiff failed to comply.").  "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and [the Ninth Circuit] may review the record independently to determine if the district court has abused its discretion."  Ferdik, 963 F.2d at 1261.

Having considered the Pagtalunan factors, the court is persuaded that this action should be dismissed for failure to comply with a court order and failure to prosecute.  Plaintiff's failure to file the renewed motion for default judgment hinders the court's ability to move this case toward disposition and indicates that plaintiff does not intend to litigate this action.  In other words, plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [her] to control the pace of the docket rather than the Court."  Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted).  Further, plaintiff was warned that failure to file a renewed motion for default judgment would result in a dismissal of the action for lack of prosecution and failure to comply with a court order.  (See Dkt. 24, Court's Order of October 26, 2020, at 4); see also Ferdik, 963 F.2d at 1262 ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives requirement.") (internal quotation marks omitted).  Thus, having considered the Pagtalunan factors, the court is persuaded that the instant action should be dismissed for failure to comply with a court order and failure to prosecute.

1  Based on the foregoing, IT IS ORDERED that judgment be entered dismissing this action,
2  without prejudice, for failure to prosecute and comply with the orders of the court.
3  Dated this 17th day of November, 2020.

/s/
Fernando M. Olguin
United States District Judge